■ BORDEN HOLDING CORP. et al., Appellants, v. FRANK CATAPANO et al., Copartners Doing Business as ANDREW CATAPANO & Co., Respondents.— In an action to recover damages to real property allegedly sustained through the negligence of the defendants arising out of their installation of a reinforced concrete pipe sewer in the vicinity of plaintiffs' premises, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered November 17, 1964 after a jury trial, upon the court's dismissal of the complaint at the end of plaintiffs' case. Judgment reversed on the law and a new trial granted, with costs to plaintiffs to abide the event. No questions

of fact have been considered. In our opinion, there is proof in the record from which it could be inferred (a) that defendants should have used interlocking steel sheathing when the trench in question was originally constructed or when they became aware of a continuing water condition; and (b) that defendants were negligent in using heavy trucks and equipment adjacent to plaintiffs' premises in the light of the existing conditions. Under the circumstances disclosed and in view of the court's denial of all motions other than the motion to dismiss, there was sufficient in the record to have required defendants to present their proof. The plaintiffs, having been nonsuited, are " entitled to the benefit of every fact that the jury could have found from the evidence, in the most favorable view that a jury would be warranted in taking of that evidence, as well as every favorable inference that may be drawn therefrom" (McLean v. Triboro Coach Corp., 275 App. Div. 844). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.